UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LESLEY MARLIN SCHOLL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:14-cv-106 |
| | ) |
| ALLEN COUNTY SUPERIOR COURT, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a filing by *pro se* Plaintiff Lesley Marlin Scholl in this breach of contract and constitutional claims suit, asking that this Court request an attorney to represent him. (Docket # 2, 14.) Because Scholl is competent to litigate his claims himself, the motion will be DENIED.

## LEGAL STANDARD

"There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007)). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Olson*, 750 F.3d at 711; *Pruitt,* 503 F.3d at 658.

"In deciding whether to request counsel, district courts must ask two questions: '(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Olson*, 750 F.3d at 711 (quoting *Pruitt,* 503 F.3d at 654). The second

portion of this inquiry, stated another way, is "whether the difficulty of the case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Olson*, 750 F.3d at 712 (quoting *Pruitt*, 503 F.3d at 655). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id.*

## ANALYSIS

To begin, although Scholl claims he attempted to secure counsel for his divorce and other state court matters, there is no evidence that he attempted to secure counsel for the instant case. (*See* Compl. 16, 19, 25.) Therefore, he fails to satisfy the threshold requirement concerning a request for recruitment of counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010).

But even if he had satisfied this threshold requirement, it is evident that Scholl is competent to represent himself in this matter. This suit involves a breach of contract claim

arising from his divorce, and various constitutional violations stemming from that purported breach and his current incarceration. (Docket # 2.) Accordingly, the majority of the facts of this case are within Scholl's particular knowledge; thus the task of any discovery, if necessary, is apt to be quite limited and certainly not insurmountable.

Furthermore, Scholl has already comprehensively articulated his claims in this case (Docket # 1, 7), and sought relief through various motions, including two motions for reconsideration (Docket # 2, 6, 10, 12, 24). His filings include extensive legal argument and numerous legal citations. Thus, Scholl has already performed some legal research and is fully capable of articulating his legal position.

And significantly, Scholl's intellectual capacity, literacy, communication, and educational level all support a finding that he is competent to represent himself in this suit. Scholl apparently was a board-certified emergency medicine physician prior to his incarceration. (Compl. 11); *cf. Henderson v. Ghosh*, __ F.3d __, 2014 WL 2757473, at *7 (7th Cir. June 18, 2014) (reversing a district court's denial of request for counsel where the record reflected plaintiff's low IQ, functional illiteracy, and poor education). Indeed, Scholl's submissions to the district court were better than the average *pro se* litigant's. *See Olson*, 750 F.3d at 712.

Considering the foregoing, Scholl appears competent to adequately handle the litigation of this breach of contract and constitutional rights case. Consequently, his motion asking that the Court request counsel for him will be denied.

**CONCLUSION**

For the reasons stated herein, Plaintiff's motion asking that this Court request an attorney

3

to represent him (Docket # 2) is DENIED. Plaintiff is, of course, free to attempt to secure counsel on his own.

Enter for this 23rd day of June, 2014.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge